\*\*Original filed 4/10/06\*\*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DANIEL A. PHILLIPS, | ) | No. C 06-4873 JF (PR) |
| | ) | |
| Plaintiff, | ) | PARTIAL DISMISSAL ORDER; |
| | ) | ORDER OF DISMISSAL WITH |
| vs. | ) | LEAVE TO AMEND |
| | ) | |
| DOCTOR BUI, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | (Docket No. 2) |

Plaintiff, a state prisoner proceeding pro se, filed the instant civil rights action pursuant to 42 U.S.C. § 1983 against Defendants Dr. Bui and San Quentin State Prison ("SQSP") concerning his medical care and treatment. Plaintiff also filed a motion to proceed in forma pauperis, however Plaintiff has paid the $350.00 filing fee. Accordingly, the Court will DENY Plaintiff's motion to proceed in forma pauperis (docket no. 2) as moot. The Court will dismiss all claims against Defendant San Quentin State Prison without leave to amend and dismiss Plaintiff's remaining claims with leave to amend.

\\\

\\\

\\\

Partial Dismissal Order; Order of Dismissal With Leave to Amend
P:\pro-se\sj.jf\cr.06\Phillips873dwlta          1

# BACKGROUND

Plaintiff is incarcerated at San Quentin State Prison serving his prison sentence for a 2004 Humboldt Superior Court criminal conviction.  Plaintiff alleges that when prison officers escorted him in handcuffs from his cell in administrative segregation to his mental health group he was attacked by another inmate.  The guard escorting inmate Hanney lost control of his handcuffs and Hanney ran twenty feet and jumped and kicked Plaintiff in the back.  Plaintiff states that he has shooting pains in his back and a burning pain down his leg after this incident. Plaintiff maintains that the officers escorting him were responsible for his safety and endangered him.  See Complaint, Attachment at 1.

Next, Plaintiff claims that on February 3, 2006 he attempted suicide by overdosing on pills and cutting his underarm with a razor.  Plaintiff cut his main artery or vein in his arm and lost two to three pints of blood.  After several hours, another inmate heard Plaintiff getting sick and alerted an officer.  Plaintiff was taken to the drop-in medical clinic at SQSP.  Plaintiff's arm was bandaged and the nurse informed Defendant Dr. Bui of Plaintiff's condition: he had attempted suicide by cutting his arm, he was dehydrated, and he had lost a lot of blood. Defendant Bui asked the nurse how big Plaintiff's cut was and never removed the bandage to look at Plaintiff's injury.  Defendant Bui stated that Plaintiff did not need stitches, blood, or any fluids and sent Plaintiff to a suicide room.  Plaintiff vomited and suffered severe body temperature changes.  See Complaint, Attachment at 1-2.

Plaintiff informed SQSP nurses and officers that he had overdosed on pills, lost a lot of blood, and needed to go to a real hospital.  The nurses and officers responded that the doctor (Defendant Bui) said Plaintiff was fine.  Plaintiff saw a mental health doctor and asked to be taken to a hospital.  The doctor assumed Plaintiff wanted to go to a mental health hospital and made the arrangements for Plaintiff's transfer.  When Plaintiff was about to be transferred, the driver refused to take respsonsibility for Plaintiff's care.  The nurse took Plaintiff's vital signs and stated that she could not let him go in his condition.  The nurse stated that Defendant Bui should have sent Plaintiff out for plasma, stitched up his arm and given him fluids.  The nurse panicked and was angry at Defendant Bui for not doing his job.  The nurse called in an

Partial Dismissal Order; Order of Dismissal With Leave to Amend
P:\pro-se\sj.jf\cr.06\Phillips873dwlta                    2

1  emergency and an ambulance arrived. At that time, Plaintiff's vital signs had worsened. The
2  ambulance nurse called a "Code 3" and transported Plaintiff to Marin General Hospital. Plaintiff
3  was given oxygen, fluids, and treated for his overdose of pills. The hospital doctor that treated
4  Plaintiff looked at his cut under the bandages and stated that he could not believe that Defendant
5  Bui had not stitched up Plaintiff's arm. The doctor assured Plaintiff that someone at San Quentin
6  would do the stitches, since Plaintiff had been discharged from the hospital at that time. See
7  Complaint, Attachment at 2-4.

8      Plaintiff returned to suicide watch at San Quentin, but did not receive stitches or any
9  medical care. Plaintiff was transferred to Salinas Valley State Prison to a mental health crisis
10 bed. Once it was determined that Plaintiff was no longer a danger to himself, he would be
11 transferred back to San Quentin. Plaintiff informed a doctor at Salinas Valley State Prison that
12 Defendant Bui said Plaintiff did not need stitches. However, the doctor looked at Plaintiff's arm
13 and responded that Plaintiff should have had stitches, and now it was too late because the cut had
14 started to heal. This doctor ordered a blood test and discovered that Plaintiff was anemic. After
15 learning of Plaintiff's anemic condition, the medical personnel considered keeping Plaintiff at
16 Salinas Valley. However, Plaintiff was returned to San Quentin and again placed on suicide
17 watch. See Complaint, Attachment at 4-5.

18     After returning to San Quentin, Plaintiff informed other doctors that he was going to raise
19 the issue of Defendant Bui's lack of proper medical care and treatment after his attempted
20 suicide. After a week passed, Defendant Bui ordered the stitches. Plaintiff's received thirty-two
21 stitches. Plaintiff was kept in the suicide room for three weeks, after he had already been
22 "mentally cleared." Plaintiff did not receive any blood transfusions and was extremely weak
23 during his recovery. Plaintiff believes he was kept in the suicide room in order to cover up
24 Defendant Bui's mistake in not ordering stitches and medical care on the night of his attempted
25 suicide. See Complaint, Attachment at 5.

26     Plaintiff claims that the SQSP officers endangered his safety when he was attacked and
27 injured by another inmate during their escort. Plaintiff maintains that Defendant Bui's conduct
28 amounted to malpractice and neglect. Plaintiff names the following Defendants in his complaint:

Doctor Bui and San Quentin State Prison.

## DISCUSSION

A.  Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. Id. at 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

Liability may be imposed on an individual defendant under section 1983 if the plaintiff can show that the defendant proximately caused the deprivation of a federally protected right. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988); Harris v. City of Roseburg, 664 F.2d 1121, 1125 (9th Cir. 1981). A person deprives another of a constitutional right within the meaning of section 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains. Leer, 844 F.2d at 633; Robins v. Meecham, 60 F.3d 1436, 1442 (9th Cir. 1995). To state a claim a plaintiff must show a specific constitutional or federal guarantee safeguarding the interests that have been invaded. Paul v. Davis, 424 U.S. 693, 697 (1976).

B.  Plaintiff's Claims

**1.  Safety Needs**

The Eighth Amendment requires that prison officials take reasonable measures to guarantee the safety of prisoners. Farmer v. Brennan, 511 U.S. 825, 832 (1994). In particular, prison officials have a duty to protect prisoners from violence at the hands of other prisoners. Id.

at 833; Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005); Hoptowit v. Ray, 682 F.2d 1237, 1250 (9th Cir. 1982); Gillespie v. Civiletti, 629 F.2d 637, 642 & n.3 (9th Cir. 1980). The failure of prison officials to protect inmates from attacks by other inmates or from dangerous conditions at the prison violates the Eighth Amendment only when two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious; and (2) the prison official is, subjectively, deliberately indifferent to inmate safety. Farmer, 511 U.S. at 834; Hearns, 413 F.3d at 1040-41.

   A prisoner may state a § 1983 claim under the Eighth Amendment against prison officials only where the officials acted with "deliberate indifference" to the threat of serious harm or injury to an inmate by another prisoner, see Berg v. Kincheloe, 794 F.2d 457, 459 (9th Cir. 1986); see also Valandingham v. Bojorquez, 866 F.2d 1135, 1138 (9th Cir. 1989) (deliberately spreading rumor that prisoner is snitch may state claim for violation of right to be protected from violence while in state custody), or by physical conditions at the prison, see Frost v. Agnos, 152 F.3d 1124, 1128-29 (9th Cir. 1998) (ignoring slippery shower floors and other physical impediments may constitute deliberate indifference to a serious risk of harm to mobility impaired inmate); Wallis v. Baldwin, 70 F.3d 1074, 1076-77 (9th Cir. 1995) (requiring inmates to clean from attic material known to contain asbestos without protective gear demonstrated deliberate indifference); cf. Osolinski v. Kane, 92 F.3d 934, 936 (9th Cir. 1996) (defective prison oven, by itself, does not create objectively insufficiently humane condition in violation of the Eighth Amendment). But neither negligence nor gross negligence will constitute deliberate indifference. See Farmer, 511 U.S. at 835-36 & n.4 (1994); Estelle v. Gamble, 429 U.S. 97, 106 (1976). A prison official cannot be held liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the standard for criminal recklessness is met, i.e., the official knows of and disregards an excessive risk to inmate health or safety. See Farmer, 511 U.S. at 837. The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. See id. However, an Eighth Amendment claimant need not show that a prison official acted or failed to act believing that harm actually would befall an inmate; it is enough that the

official acted or failed to act despite his knowledge of a substantial risk of serious harm. See id. at 842; see also Robins v. Meecham, 60 F.3d 1436, 1439-40 (9th Cir. 1995) (bystander-inmate injured when guards allegedly used excessive force on another inmate need not show that guards intended to harm bystander-inmate). This is a question of fact. Farmer, 511 U.S. at 842.

Allegations in a pro se complaint sufficient to raise an inference that the named prison officials acted with deliberate indifference – i.e, that they knew that plaintiff faced a substantial risk of serious harm and disregarded that risk by failing to take reasonable measures to abate it – states a "failure-to-protect" claim. Hearns, 413 F.3d at 1041-42.

Here, Plaintiff alleges that SQSP officers endangered his safety when they transported him within the prison and he suffered an attack by another inmate resulting in injury. However, Plaintiff fails to link this claim to any of the named Defendants to demonstrate how the named Defendants proximately caused a constitutional deprivation. For a claim to be cognizable, a Plaintiff must "set forth specific facts as to each individual defendant's deprivation of protected rights." Leer, 844 F.2d at 634. But here, Plaintiff alleges facts without naming the specific individuals involved. As such, Plaintiff fails to link any of the named Defendants to his claim.

Plaintiff should list the constitutional right he has, describe what each Defendant did or failed to do, and describe how each Defendant's acts or omissions caused him injury. Plaintiff must be careful to allege facts showing the basis for liability for each individual Defendant. He should not refer to the Defendants as a group, i.e., "the defendants;" rather, he should identify each involved Defendant by name and link each of them to a specific claim by explaining what each Defendant did or failed to do that caused a violation of his constitutional rights. Plaintiff must set forth specific allegations demonstrating how each individual Defendant was involved in the alleged constitutional violation in his amended complaint. Accordingly, the Court will dismiss this claim with leave to amend in order for Plaintiff to name the Defendants involved in this incident.

\\\

\\\

\\\

### 2. Medical Care

Deliberate indifference to serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. See Estelle v. Gamble, 429 U.S. 97, 104 (1976); McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Technologies, Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc); Jones v. Johnson, 781 F.2d 769, 771 (9th Cir. 1986). A determination of "deliberate indifference" involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need. See McGuckin, 974 F.2d at 1059.

A "serious" medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain." Id. (citing Estelle v. Gamble, 429 U.S. at 104). The existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a prisoner has a "serious" need for medical treatment. See id. at 1059-60 (citing Wood v. Housewright, 900 F.2d 1332, 1337-41 (9th Cir. 1990)).

A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. Farmer v. Brennan, 511 U.S. 825, 837 (1994). The prison official must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but he "must also draw the inference." Id. If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk. Gibson v. County of Washoe, 290 F.3d 1175, 1188 (9th Cir. 2002).

In order for deliberate indifference to be established, therefore, there must be a purposeful act or failure to act on the part of the defendant and resulting harm. See McGuckin, 974 F.2d at 1060; Shapley v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985). A finding that the defendant's activities resulted in "substantial" harm to the prisoner is not necessary, however. Neither a finding that a defendant's actions are egregious nor that they

resulted in significant injury to a prisoner is required to establish a violation of the prisoner's federal constitutional rights. See McGuckin, 974 F.2d at 1060, 1061 (citing Hudson v. McMillian, 503 U.S. 1, 7-10 (1992) (rejecting "significant injury" requirement and noting that Constitution is violated "whether or not significant injury is evident")).

A claim of medical malpractice or negligence is insufficient to make out a violation of the Eighth Amendment. See Toguchi v. Chung, 391 F.3d 1051, 1060-61 (9th Cir. 2004); Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002); Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981); see, e.g., Frost v. Agnos, 152 F.3d 1124, 1130 (9th Cir. 1998) (finding no merit in claims stemming from alleged delays in administering pain medication, treating broken nose and providing replacement crutch, because claims did not amount to more than negligence); McGuckin, 974 F.2d at 1059 (mere negligence in diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth Amendment rights).

Here, Plaintiff alleges claims of malpractice and negligence against Defendants Bui and San Quentin State Prison. This is not sufficient to state a cognizable Eighth Amendment claim pursuant to §1983. This claim will be dismissed with leave to amend in order for Plaintiff to cure this deficiency, if he can do so in good faith. Accordingly, the Court grants Plaintiff leave to file an amended complaint within **thirty days** of the date this order is filed to include sufficient facts to support his claim against each named Defendant and the alleged constitutional violations he suffered.

### 3. Named Defendants

Plaintiff names Doctor Bui and San Quentin State Prison as Defendants in his complaint. However, Defendant San Quentin State Prison is immune from suit. The Eleventh Amendment bars from the federal courts suits against a state by its own citizens, citizens of another state or citizens or subjects of any foreign state. See Atascadero State Hosp. v. Scanlon, 473 U.S. 234, 241 (1985). This Eleventh Amendment immunity also extends to suits against a state agency, see, e.g., Allison v. California Adult Authority, 419 F.2d 822, 823 (9th Cir. 1969) (California Adult Authority and San Quentin Prison not subject to suit); Bennett v. California, 406 F.2d 36, 39 (9th Cir.) (California Adult Authority and California Department of Corrections not subject to

suit), cert. denied, 394 U.S. 966 (1969), and to suits for damages against state officials acting in their official capacities, see Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 97-121 (1984). Accordingly, all claims against Defendant San Quentin State Prison are dismissed without leave to amend.

## CONCLUSION

1. Plaintiff's motion to proceed in forma pauperis (docket no. 2) is DENIED as moot, as Plaintiff has paid the filing fee.

2. All claims against Defendant San Quentin State Prison are DISMISSED without leave to amend.

3. Plaintiff's remaining claims are DISMISSED with leave to amend, as indicated above, **within thirty days** from the date of this order. The amended complaint must include the caption and civil case number used in this order (06-4873 JF (PR)) and the words AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the original complaint, Plaintiff must include in it all the claims he wishes to present. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir.), cert. denied, 113 S. Ct. 321 (1992). Plaintiff may not incorporate material from the original complaint, such as supporting documentation of the prison appeal process, by reference. Plaintiff must include all of his claims and name all Defendants in the amended complaint. **Failure to amend within the designated time will result in the Court dismissing the instant complaint without prejudice for failure to state a cognizable claim under 42 U.S.C. § 1983.**

4. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address." He must comply with the Court's orders in a timely fashion or ask for an extension of time to do so. Failure to comply may result in the dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED: 4/5/07

JEREMY FOGEL
United States District Judge

Partial Dismissal Order; Order of Dismissal With Leave to Amend
P:\pro-se\sj.jf\cr.06\Phillips873dwlta            9

A copy of this ruling was mailed to the following:

Daniel A. Phillips
P-18189
San Quentin State Prison
San Quentin, CA  94974

Partial Dismissal Order; Order of Dismissal With Leave to Amend
P:\pro-se\sj.jf\cr.06\Phillips873dwlta               10